PER CURIAM.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Robert F. Simpson’s appeal from the Court of Appeals for Veterans Claims’ judgment in Simpson v. Nicholson, 04-623, for lack of jurisdiction. Simpson has not responded.
Simpson appealed to the Court of Appeals for Veterans Claims from a 2004 Board of Veterans’ Appeals (BVA) decision determining the effective date for a service connection award for hearing loss. The Court of Appeals for Veterans Claims determined that (1) the BVA’s effective date determination was not clearly erroneous, (2) Simpson failed to support any challenge to the BVA’s determination that there was no clear and unmistakable error in an earlier regional office (RO) decision, and (3) to the extent that there was any breach of the Secretary’s duties under the Veterans Claims Assistance Act of 2000, Pub.L. No. 106-475, 114 Stat.2096, the breach constituted harmless error. Finally, the Court of Appeals for Veterans Claims refused to consider a challenge to an RO decision made after the BVA decision on appeal as not properly before the court. The Court of Appeals for Veterans Claims affirmed the BVA decision. Simpson appealed.
Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Veterans Court. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir. 2002) (en banc). This court “may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2).
Simpson’s appeal does not satisfy any of the grounds for invoking this court’s jurisdiction. In his informal brief, Simpson asserts that the Department of Veterans Affairs failed to send him certain materials, and the BVA “did not adequately review the medical information from 1955 to 1967.” He asks this court to “[rjeview the medical records from 1955 to 1967 as well as review both sides of the VA claim submitted in 1966.” Simpson fails to assert any constitutional challenge concerning the decision on appeal, and he raises no issue concerning the validity or interpretation of a statute or regulation. Rather, Simpson seeks review of the facts of his case and, at most, the application of the law to the facts *735 of his case. In these circumstances, this court lacks jurisdiction to review Simpson’s appeal. See 38 U.S.C. § 7292(d).
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is granted.
(3) Each side shall bear its own costs.